UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE DIAZ, | § | |
| Plaintiff, | § § § | |
| v. | § | SA-24-CV-129-OLG (HJB) |
| KYLE O'BRIEN, | § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Response to Plaintiff's Amended Complaint and Second Motion to Dismiss. (Docket Entry 12.) Pretrial matters have been referred to the undersigned for consideration. (Docket Entry 4.) For the reasons set out below, I recommend that Defendant's Second Motion to Dismiss (Docket Entry 12) be **GRANTED** and Plaintiff's Amended Complaint (Docket Entry 10) be **DISMISSED**.

**I.   Jurisdiction.**

The *pro se* Plaintiff in this case purports to assert claims under the United States Constitution. (*See* Docket Entries 1, 10.) Such claims may be considered under 42 U.S.C. § 1983, and the Court's federal question jurisdiction under 28 U.S.C. § 1331. The undersigned has authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**II.   Background.**

Though it is extremely difficult to discern the underlying facts from Plaintiff's pleadings, it appears that Plaintiff and Defendant are parents of a minor child, and that they had a dispute in state court concerning child support payments. (*See* Docket Entry 12, at 5–6.) Plaintiff filed this

action apparently seeking a declaration that certain aspects of the Texas child support enforcement system are unconstitutional, as well as emergency injunctive relief. (Docket Entry 1.) The undersigned recommended that injunctive relief be denied, and ordered Plaintiff to make a more definite statement of his claims pursuant to Federal Rule of Civil Procedure 12(e) so as to enable Defendant to make a response. (*See* Docket Entries 5 and 9.)

Plaintiff then filed an amended complaint. (Docket Entry 10.) Although it is 135 pages long, the amended complaint did little to explain the nature of Plaintiff's allegations, making clear only that he believed the Texas child support enforcement system to be unconstitutional. (*See generally id.*) The most specific claims Plaintiff makes regarding Defendant are that the Texas Department of Health Services ("TDHS") and its director "are working in conjunction with Defendant," and that Defendant committed fraud by "get[ing] the Plaintiff to sign the contract in the circuit court not being informed that it is a contract agreement creating a burden of debt to the Plaintiff." (*Id.* at 12–13.)

Defendant moved to dismiss the amended complaint for lack of jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and for failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 12.) The undersigned ordered a response (*see* Docket Entry 13), which Plaintiff filed on July 24, 2024 (*see* Docket Entry 15).

**III.   Analysis.**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction," FED. R. CIV. P. 8(a)(1), and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To avoid dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). As to any alleged cause of action, a plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *lnnova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.–Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)). While detailed factual allegations are not required, the complaint must contain enough factual allegations to "raise a right to relief above a speculative level." *Twombly,* 550 U.S. at 555. The plaintiff has an obligation to present more than labels, conclusions, and formulaic recitations of the elements to avoid dismissal. *Id.* The complaint must also plainly articulate the basis for the Court's subject matter jurisdiction, because federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff's amended complaint fails to meet these requirements. As noted above, Plaintiff apparently asks the Court to declare that aspects of the Texas child support enforcement system are unconstitutional, presumably because he has been ordered to pay child support under that system. (*See generally* Docket Entry 10.) He also claims some fraudulent misrepresentation on the part of Defendant. (*Id.* at 13.) To the extent these claims ask the Court to invalidate a state-

3

court order of child support, or to declare that the state court erred in its proceedings, the claims are plainly barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine arises from the settled rule that Supreme Court is the only federal court with jurisdiction to reverse or modify state court judgments. *See* 28 U.S.C. § 1257. It provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Mosley v. Bowie Cnty*, 275 F. App'x 327, 329 (5th Cir. 2008) (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)). As the Supreme Court has explained, the *Rooker-Feldman* doctrine bars lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, *Rooker-Feldman* bars claims that an existing state child support order is void. *Mosley*, 275 F. App'x at 328–29.

Conceivably, Plaintiff could avoid the effect of the *Rooker-Feldman* doctrine by claiming that state government defendants violated his constitutional rights in the course of enforcing the child-support order. *See Mosley*, 275 F. App'x at 328–29. It is not clear that Plaintiff seeks to make such a claim; he appears to claim that the child-support order is an unconstitutional contract, (Docket Entry 10, at 12–15.) But even if Plaintiff made such a claim, it would be of no avail here. While constitutional claims against officials acting under state law may be brought pursuant to 42 U.S.C. § 1983, Plaintiff nowhere alleges that Defendant, a private citizen, was acting under color of state law; the most he alleges is that the director of TDHS was "working in conjunction with

4

Defendant." (Docket Entry 10, at 12.) This vague and conclusory statement is plainly insufficient to allege a cause of action against Defendant under § 1983.

Plaintiff has not named the TDHS or its director as a Defendant. Even if he had, Plaintiff has offered no explanation as to why the state or its officials would not be immune from a lawsuit under 42 U.S.C. § 1983 or other federal civil rights provisions. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (sovereign immunity bars actions against a state or a state official unless Congress has abrogated the immunity or the state has specifically waived its immunity); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (same). For all these reasons, Plaintiff has neither stated a claim for relief as required by Rules 8(a)(2) and 12(b)(6), nor shown that the Court has jurisdiction over his case as required by Rules 8(a)(1) and 12(b)(1).[1] Accordingly, his case should be dismissed.[2]

## IV. Conclusion and Recommendation.

For the above reasons, I recommend that Defendant's Second Motion to Dismiss (Docket Entry 12) be **GRANTED**, and Plaintiff's amended complaint **DISMISSED**.

---

[1] Normally, the Court must consider a jurisdictional challenge pursuant to Rule 12(b)(1) before a Rule 12(b)(6) challenge, because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). But if the issue of jurisdiction is intertwined with the merits, district courts should "deal with the objection as a direct attack on the merits of the plaintiff's case under . . . Rule 12(b)(6) . . . .'" *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004); *see also Brownback v. King*, 141 S. Ct. 740, 748 n.8 (2021) (where plaintiff fails to plausibly allege element that is required both for merits and jurisdiction, court may dismiss claim under Rule 12(b)(1) or Rule 12(b)(6) or both).

[2] A party proceeding *pro se* should generally be given the opportunity to amend his claim before it is dismissed. *Cf. Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Here, Plaintiff has been afforded that opportunity, but his amended complaint remains deficient.

## V. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *See Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 9, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge